UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

CHENMED, LLC, and CHEN NEIGHBORHOOD
MEDICAL CENTERS OF SOUTH FLORIDA, LLC,

    Plaintiffs,

v.

ANAYA BANERJEE, ALEDADE, INC., and
ALEDADE CARE SOLUTIONS OF FLORIDA,
LLC,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Anaya Banerjee, Aledade, Inc. ("Aledade"), and Aledade Care Solutions of Florida, LLC ("ACS") (collectively, the "Defendants"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby remove to this Court the civil action styled *ChenMed, LLC, et al. v. Anaya Banerjee, et al.*, which was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-021379-CA-01 (hereinafter, the "State Action"). As grounds for removal, Defendants state as follows:

    **I.**    **Background**

    1.    On November 3, 2022, Plaintiffs ChenMed, LLC and Chen Neighborhood Medical Centers of South Florida, LLC (collectively, the "Plaintiffs"), initiated the State Action by filing a two-count civil action ("Complaint") for breach of contract and tortious interference with contract.

2. Although Defendants have not been formally served with process and therefore have yet to receive legal notice of the State Action, this removal is timely given that the thirty-day deadline under 28 U.S.C. § 1446(b)(1) has not yet lapsed—indeed, the State Action was only filed November 3, 2022.  Defendants have not yet answered the Complaint, and no other process, pleadings, or orders have been served upon Defendants in the State Action as of this Notice.

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all documents that have been filed in the State Action as of the date of filing this Notice of Removal are attached hereto as **Exhibit A**.

4. This matter is removable under 28 U.S.C. § 1332 as Plaintiffs and Defendants are citizens of different states and the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold.

**II.    There Is Diversity of Citizenship.**

5. In the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004).  A limited liability company is a citizen of any state of which a member is a citizen. *Id*. at 1022.

6. Plaintiff ChenMed, LLC is a Delaware limited liability company and Chen Neighborhood Medical Centers of South Florida, LLC is a Florida limited liability company. *See* Compl. (DE 1-1) at ¶¶ 5–6.  Upon information and belief, the individual members of ChenMed, LLC, and Chen Neighborhood Medical Centers of South Florida, LLC, are citizens of Florida.  Therefore, for purposes of citizenship, both ChenMed, LLC and Chen Neighborhood Medical Centers of South Florida, LLC are citizens of Florida.

7. Defendant Banerjee is an individual who resides in Houston, Texas.

8. Defendant Aledade is a Delaware corporation and has its principal place of business in Maryland. *See* Compl. (DE 1-1) at ¶ 7; "Entity Details" for Aledade, Inc., Delaware Division of Corporations, attached as **Exhibit B** (listing Delaware as Aledade state of incorporation)[1]; *see also* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title – (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

9. Defendant ACS is a Florida limited liability company; however, ACS does not destroy complete diversity because it does not have any Florida members. *See Rolling Greens MHP*, 374 F.3d at 1021–22. ACS has only one member, who is a citizen of the State of California. *See* Declaration of Robert P. Kocher, attached as **Exhibit C**, at ¶¶ 4–5.

10. Accordingly, there exists complete diversity among the Plaintiffs, all of whom are Florida citizens, and Defendants, who are citizens of Delaware, Maryland, Texas and California.

**III.   Plaintiffs' Damages Exceed $75,000.**

11. In the Complaint, Plaintiffs purport to seek damages exceeding $50,000. *See* Compl. (DE 1-1) at ¶ 10. Offering more clarity and confirmation that the jurisdictional prerequisite is met is Plaintiffs' Civil Cover Sheet, in which Plaintiffs indicate that the "estimated amount of the[ir] claim" is "over $100,000.00." *See* Civil Cover Sheet, Form 1.997 (DE 1-1).

---

[1] Because the Delaware Division of Corporations' website is an "official publication" of a governmental entity, this Court should, and may properly take judicial notice of the materials contained within **Exhibit B**. *See* Fed. R. Evid. 201(b) (permitting the taking of judicial notice); Fed. R. Evid. 902(5) (providing that official publications of a "public authority" are self-authenticating); *Am. Marine Tech., Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019) (taking judicial notice of filings available on the Florida Division of Corporations' website) (citations omitted). As such, Defendants request that the Court take judicial notice of the information contained on the Delaware Division of Corporations' website concerning Aledade's citizenship set forth in **Exhibit B**.

12. The allegations set forth in Plaintiffs' Complaint and the potential damages for those claims confirm that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332.

13. Plaintiffs' claims are predicated on Banerjee's departure from ChenMed, LLC, and her subsequent employment at Aledade, which Plaintiffs contend violates a non-compete provision in Banerjee's employment agreement . *See* Compl. (DE 1-1) at ¶¶ 37–47. Banerjee previously worked as Plaintiffs' "Vice President, Strategic Payer Partnerships." *Id.* at ¶ 24. According to Plaintiffs, Banerjee was "*an integral part* of ChenMed's business operations and business plans *in every state and market where ChenMed operates throughout the nation*." *See id.* at ¶ 26 (emphasis added). Banerjee's "integral" role allegedly had a direct correlation with Plaintiffs' key business and revenue generation—"in particular ChenMed's relationships with its payors and business partners, which is ChenMed's revenue source." *Id.*

14. Plaintiffs also contend that Banerjee was in possession of "a significant amount of ChenMed's confidential and trade secret information, including but not limited to ChenMed's prospective payor and business partners, the terms of ChenMed's agreements with existing payors and partners, ChenMed's negotiation strategies with payors and partners, business metrics, financials, future markets, analytics on market distribution and demographics, potential practice acquisition targets, growth plans and strategies, models, and information and preferred contract terms related to payer agreements." *See id.* at ¶ 50.

15. Further emphasizing the integral nature of Banerjee's role, Plaintiffs allege that "[i]n light of the importance of Banerjee's role at ChenMed . . . ChenMed required Banerjee to execute a Confidentiality and Protective Covenant Agreement . . . ." *Id.* at ¶ 28. It is from this

Confidentiality and Protective Covenant Agreement (hereinafter, the "Agreement") that Plaintiffs' two Counts arise.

16. Plaintiffs allege that Banerjee's present employment with Aledade is in violation of a covenant not to compete contained in the Agreement. *See* Compl. (DE 1-1) at ¶¶ 28–31, 37–52. Plaintiffs further allege that Banerjee will be in violation of a covenant not to solicit vendors also within the Agreement. *See id.* at ¶¶ 33, 62. As a result of these violations, Plaintiffs seek, *inter alia*, money damages against Banerjee incurred as a result of Banerjee's alleged breach of these two (2) restrictive covenants and against Aledade for its alleged tortious interference with the Agreement by virtue of Aledade's hiring of Banerjee in the role of "Chief Commercial Officer." *See* Compl. (DE 1-1) at Wherefore Clause ¶¶ 3–4.

17. Plaintiffs' potential damages for these alleged contractual breaches and tort exceed the jurisdictional threshold under 28 U.S.C. § 1332. "Generally, the aggrieved party in a breach of noncompetition agreement case seeks lost profits as the measure of damages." *Moon v. Medical Tech. Assocs.*, No. 8:13-cv-02782-EAK-EAJ, 2015 U.S. Dist. LEXIS 32914, at *4 (M.D. Fla. Mar. 17, 2015) (citing *Camel Inv., Inc. v. Webber*, 468 So. 2d 340, 342 (Fla. Dist. Ct. App. 1985)). "Lost profits, however, are not the only recoverable damages; the measure of damages is the actual damages suffered as a result of the breach." *Id.* (citations and internal quotation marks omitted). As for tortious interference claims, three types of damages are recoverable: "(a) the pecuniary loss of the benefits of the contract or the prospective relation; (b) consequential losses for which the interference is a legal cause; and (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference." *JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-CV-23466-SEITZ/TURNOFF, 2014 U.S. Dist. LEXIS 164183, at *4 (S.D. Fla. Nov. 24, 2014) (citing Restatement (Second) of Torts, § 774A)).

18.     Plaintiffs' allegations make clear Plaintiffs' belief that Banerjee's role as a Vice President was a role critical to the success of its business, describing her as "an integral part of ChenMed's business operations" *nationwide*—"in every state and market where ChenMed operates throughout the nation." *See* Compl. (DE 1-1) at ¶ 26. Plaintiffs also contend that Banerjee was in possession of "a significant amount of ChenMed's confidential and trade secret information, including but not limited to ChenMed's prospective payor and business partners, the terms of ChenMed's agreements with existing payors and partners, ChenMed's negotiation strategies with payors and partners, business metrics, financials, future markets, analytics on market distribution and demographics, potential practice acquisition targets, growth plans and strategies, models, and information and preferred contract terms related to payer agreements." *See id.* at ¶ 50. Assuming *arguendo* that these allegations are true, and based on the purported importance of Banerjee's role at ChenMed, ChenMed will contend that Banerjee's departure from ChenMed and employment at Aledade have resulted in lost profits in excess of the jurisdictional threshold of $75,000. Although privately-held, ChenMed, LLC's revenue is consistently reported as exceeding $500 million annually, according to publicly-available resources.[2] Thus, even if Banerjee's alleged violation of the restrictive covenants set forth in the Agreement resulted in lost profits to the tune of a mere fraction of a percent, Plaintiffs' alleged lost profits damages recoverable against Banerjee and Aledade would well exceed the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332.

---

[2] *See, e.g.*, "ChenMed," ZoomInfo, https://www.zoominfo.com/c/chenmed-llc/352534003 (last visited Nov. 8, 2022) (listing revenue as $633 million); "ChenMed Revenue, Growth & Competitor Profile," IncFact, https://incfact.com/company/chenmed-miamigardens-fl/# (last visited Nov. 8, 2022) (noting that, based on "statistical evaluations, "Chenmed's annual revenues are over $500 million").

19. Additional damages recoverable under the theories alleged in the Complaint include damages for the reputational and/or goodwill harm to ChenMed and damages from Banerjee's alleged possession and potential use of ChenMed's proprietary business information. *See* Compl. (DE 1-1) at ¶¶ 21–22. These additional damages serve to bolster the inescapable conclusion that the amount of damages claimed, and thus the amount in controversy in this case, exceeds the $75,000 jurisdictional threshold.

20. Plaintiffs' own representations reflected in the Civil Cover Sheet, as further confirmed by the allegations in the Complaint and information regarding Plaintiffs' profits, establish that Plaintiffs' claims for breach of non-compete and non-solicitation agreements and for tortious interference place the amount in controversy in this case well above the jurisdictional threshold under 28 U.S.C. § 1332. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) is also satisfied and this Court has subject matter jurisdiction over this action.

**IV.  Removal is Timely and All Other Prerequisites Have Been Satisfied.**

21. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendants received, through service or otherwise, a copy of the initial pleading. As noted, Plaintiffs' initiated the State Action on November 3, 2022 and, therefore, this Notice of Removal filed November 9, 2022 is timely.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a separate Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on counsel for Plaintiff. A copy of the Notice of Filing Notice of Removal filed with the state court in the State Action (without exhibits) is attached hereto as **Exhibit D**.

23. Pursuant to 28 U.S.C. § 1441(a), the removal of the State Action to the United States District Court for the Southern District of Florida is proper because this District embraces the place in which the State Action has been pending, *i.e.*, Miami-Dade County, Florida.

WHEREFORE, Defendants, Anaya Banerjee, Aledade, Inc., and Aledade Care Solutions of Florida, LLC, request that the State Action be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and that it proceed in the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Respectfully submitted this 10th day of November, 2022.

>BAKER & MCKENZIE LLP
>*Attorneys for Defendants*
>Sabadell Financial Center
>1111 Brickell Avenue, Suite 1700
>Miami, Florida 33131
>Telephone: (305) 789-8900
>Facsimile:  (305) 789-8953
>
>By:  /s/ *William V. Roppolo*
>William V. Roppolo, Esq.
>Florida Bar No. 182850
>william.roppolo@bakermckenzie.com
>
>Benjamin C. Davis, Esq.
>Florida Bar No. 110734
>benjamin.davis@bakermckenzie.com
>
>– *and* –
>
>Krissy Katzenstein (*Pro Hac Vice Forthcoming*)
>BAKER & MCKENZIE LLP
>452 Fifth Avenue
>New York, NY 10018
>Telephone: (212) 626-4100
>Facsimile: (212) 310-1632
>krissy.katzenstein@bakermckenzie.com
>
>Richard J. Hammett (*Pro Hac Vice Forthcoming*)
>BAKER & MCKENZIE LLP
>700 Louisiana Street, Suite 3000
>Houston, TX 77002
>Telephone: (713) 427-5000
>Facsimile: (713) 427-5099
>jrichard.hammett@bakermckenzie.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *William V. Roppolo*
William V. Roppolo, Esq.

## SERVICE LIST

**CHENMED, LLC, and CHEN NEIGHBORHOOD MEDICAL CENTERS OF SOUTH FLORIDA, LLC**

v.

**ANAYA BANERJEE, ALEDADE, INC., and ALEDADE CARE SOLUTIONS OF FLORIDA, LLC.**

CASE NO: _____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

James A. Gale, Esq.
Samuel A. Lewis, Esq.
Jonathan E. Gale, Esq.
Cozen O'Connor
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
jgale@cozen.com
dstahl@cozen.com
jegale@cozen.com
Phone: 305-358-5001
*Attorneys for Plaintiffs*

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900